**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVELYN D. TRAYLOR PARKER,

Plaintiff,

vs.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:12-cv-01152-LDG-PAL

**ORDER**

(IFP App - Dkt. #1)

Plaintiff Evelyn D. Traylor Parker has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I. *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II. Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff Supplemental Security Income benefits. Before Plaintiff can sue the SSA in federal court, she must exhaust his administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416. Plaintiff alleges that on May 1, 2012, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id.* The Complaint

should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. It should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying Plaintiff Supplemental Security Income benefits and requests the court reverse that decision, or alternatively, remand this matter for a new hearing. Plaintiff contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion she is not disabled withing the meaning of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity. She asserts that the record supports a finding that Plaintiff is disabled and has been continuously disabled at all relevant times. Finally, Plaintiff alleges new evidence exists that warrants a remand of this matter for further proceedings. Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

**III. Local Rule 10-2.**

Lastly, the court notes that attorney Marc Kalagian has appeared on behalf of Plaintiff. Mr. Kalagian is a licensed Nevada lawyer, but he does not maintain an office in Nevada. Local Rule IA 10-1(b) provides that a licensed Nevada attorney without offices in Nevada, "shall either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada, upon whom all papers, process, or pleadings required to be served upon the attorney may be so served." *Id.* The docket sheet reflects that Mr. Kalagian has complied with Local Rule 10-1 and retained Nevada attorney Gerald Welt as local counsel. *See* Notice of Designation of Local Counsel (Dkt. #3).

///

Additionally, Steven G. Rosales has also appeared on behalf of Plaintiff. Mr. Rosales is not licensed in Nevada as an attorney, and he is not a member of the bar of this court. Therefore, pursuant to Local Rule IA 10-2(a), Mr. Rosales is required to seek permission to practice in this case by verified petition. *Id.* Once permission is granted, counsel must associate a resident member of the bar of this court as co-counsel. *See* LR 10-2(d); *see also* Notice to Counsel (Dkt. #2) (requiring Mr. Rosales to electronically file a Designation of Local Counsel and a Verified Petition to Practice Pro Hac Vice and to register for the court's Case Management and Electronic Case Filing system no later than August 19, 2012). Counsel shall comply with all requirements of Local Rule 10-2 no later than August 19, 2012. *See* LR IA 10-2(e) (allowing counsel forty-five days after first appearance to comply with Rule).

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.
5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.
6. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other

document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

7. Plaintiff's counsel, Mr. Steven G. Rosales shall have until **August 19, 2012,** to comply with the requirements of Local Rule IA 10-2.

Dated this 30th day of July, 2012.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE