**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVELYN TRAYLOR PARKER,<br><br>                     Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,[1]<br><br>                     Defendant. | Case No. 2:12-cv-01152-LDG-PAL<br><br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(Mtn to Reverse - Dkt. #27)<br>(Mtn to Affirm - Dkt. #30) |

      This case involves judicial review of administrative action by the Commissioner of Social Security denying Plaintiff Evelyn Traylor-Parker's claim for Supplemental Security Income under Title XIV of the Social Security Act (the "Act").

**BACKGROUND**

      On January 15, 2009, Plaintiff filed her application for disability benefits, alleging she became disabled on July 16, 2008. AR[2] 175-180. The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. AR 91-94, 98-100. A hearing before an administrative law judge ("ALJ") was held on January 25, 2011. AR 47-79. In a decision dated February 24, 2011, the ALJ found Plaintiff was not disabled. AR 20-26. The ALJ's decision became the Commissioner's final decision when the Appeals Counsel denied review on February 8, 2012. AR 1-4.

---

    [1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Michael J. Astrue as the Defendant in this matter.

    [2]AR refers to the Administrative Record, which was delivered to the undersigned upon the Commissioner's filing of her Answer (Dkt. #24) on March 5, 2013.

On June 29, 2012, Plaintiff filed an Application to Proceed In Forma Pauperis (Dkt. #1) and submitted a Complaint (Dkt. #7) in federal court, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Commissioner filed her Answer (Dkt. #24) on March 5, 2013. Plaintiff filed a Motion for Remand (Dkt. #27) on April 17, 2013. The Commissioner filed a Motion to Affirm and Opposition (Dkt. #30) on June 5, 2013. The court has considered the Motion to Remand and the Opposition and Cross-Motion.

## DISCUSSION

**I.      Judicial Review of Disability Determination**

District courts review administrative decisions in social security benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The statute provides that after the Commissioner of Social Security has held a hearing and rendered a final decision, a disability claimant may seek review of the Commissioner's decision by filing a civil lawsuit in federal district court in the judicial district where the disability claimant lives. *See* 42 U.S.C. § 405(g). That statute also provides that the District Court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner de novo. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that

detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II. Disability Evaluation Process

The claimant has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant must provide "specific medical evidence" to support his or her claim of disability. If a claimant establishes an inability to perform his or her prior work, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). If at any step, the ALJ makes a finding of disability or non-disability, no further evaluation is required. *See* 20

C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). *See* 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. *See* 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically-determinable impairment that is severe or a combination of impairments that significantly limits him or her from performing basic work activities. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *See* 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically-determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically-determinable impairment or combination of impairments, then the analysis proceeds to the third step.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. *See* 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

---

[3] SSRs are the SSA's official interpretations of the Act and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Act and regulations. *See Bray,* 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC").  *See* 20 C.F.R. §§ 404.1520(e) and 416.920(e). RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence such as symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW").  *See* 20 C.F.R. §§ 404.1520(f) and 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and to perform it as SGA.  *See* 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

Step five requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g) and 416.920(g).  If he or she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

///

## II.     Factual Background.

Both sides stipulated that the ALJ fairly and accurately summarized the medical and non-medical evidence of record.

## III.    The ALJ's Decision.

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§ 404.1520 and 416.920 and issued an unfavorable decision on February 24, 2011.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 15, 2009, the date of her application for supplemental security income benefits.

At step two, the ALJ found Plaintiff had the severe impairments of status-post fracture of the C-2 vertebra, status-post fracture of the pelvis, status-post fracture of the right wrist, degenerative disc disease, depression and polysubstance abuse.  He found that the record did not support a finding of a severe impairment related to the Plaintiff's alleged lupus because there was no physical evidence of lupus, the Plaintiff did not report symptoms consistent with lupus at the time of her diagnosis or since, and had not been actively treated for this condition.  Additionally, the Plaintiff had not been on medication typically used to treat lupus, and there was no evidence in the record that the Plaintiff's diagnosed asymptomatic lupus would preclude her from engaging in regular work activities.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  He found that the Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listing 12.04.  He considered whether the paragraph B criteria were satisfied and concluded they were not.  In reaching this determination, he found that the Plaintiff had moderate restriction in activities of daily living, mild difficulties in social functioning, and mild difficulties with regard to concentration, persistence or pace.  No episodes of decompensation for an extended duration occurred.  Because the Plaintiff's mental impairment did not cause at least two "marked" limitations or one "marked" limitation and "repeated episodes of dcompensation", each of extended duration, the paragraph B criteria were not satisfied.  The ALJ also considered whether the paragraph C criteria were satisfied, and found that they were not.

/ / /

After consideration of the entire record, the ALJ found that the Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except that she could not lift and carry more than twenty pounds occasionally or ten pounds frequently, sit for more than six hours, or stand and walk for more than two hours in an eight-hour day. Additionally, he found that the Plaintiff could never climb ladders or crawl and could only occasionally work on uneven surfaces. The ALJ made this determination after considering the Plaintiff's symptoms, and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p. He also considered the opinion evidence as required by 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. He engaged in the two-step process first determining whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the Plaintiff's pain or other symptoms. At the second step of the process, he evaluated the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which they limited her functioning. He assessed the Plaintiff's credibility concerning her statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms because they were not substantiated by objective medical evidence. As a result, the ALJ was required to consider the entire case record.

    The ALJ found that Plaintiff was not credible in her allegations of disabling pain and limitations because they greatly exceeded the impairments documented in the medical record. Specifically, he found that the Plaintiff had a criminal record, and had sold drugs, and that she did not initially admit this in her testimony at the administrative hearing. He also found that the Plaintiff failed to attend a scheduled consultative examination which was basis alone to find that she was not disabled. He made findings that her need for a wheelchair was not substantiated after January 2009 when she had healed fully from her pelvic fracture, and treatment records indicated she was able to ambulate. He also found that the Plaintiff had a poor employment record prior to the alleged date of onset, had not sought psychological treatment prior to 2010, drinks heavily, and uses marijuana on a daily basis with a history of cocaine abuse. No physician had reported the claimant disabled for twelve months. After considering this evidence, he found that the Plaintiff's medically determinable impairments could

reasonably be expected to cause the alleged symptoms. However, he found the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with his residual functional capacity assessment.

The ALJ gave substantial weight to the findings and opinions of the medical expert, Dr. Jensen, finding that they were supported by the clinical record and the report of the psychiatric consultive examiner. Dr. Jensen testified that after carefully reviewing the medical evidence of record, the Plaintiff's impairments did not meet or equal the Listings although the claimant had limitations on standing or walking more than two hours in a work day, could not climb ladders or crawl and could only occasionally work on uneven surfaces. The ALJ found that the Plaintiff remained capable of performing a range of light and sedentary work activities, including her past work as a small products assembler.

The ALJ found that Plaintiff had a history of cervical, pelvis, and right wrist fractures secondary to a fall in July 2008, which were well documented in the treatment record. The Plaintiff sustained a C-2 fracture, but only had moderate degenerative changes elsewhere in her cervical spine. Use of a wheelchair was initially required for her pelvic fracture. However, he accepted the medical expert's testimony that the Plaintiff did not require a wheelchair after January 2009, when the Plaintiff was able to ambulate. He cited UMC Physical Medicine and Rehabilitation Department records to support his findings that by November 2008, the Plaintiff had improved and was capable of physical and occupational therapy.

The ALJ gave little weight to the report of the Plaintiff's treating nurse, Paul Kasper, RN, APN, who opined that the Plaintiff would have limitations for six to nine months. The ALJ found that Mr. Kasper's treatment notes did not provide specific medical evidence to support a finding that the Plaintiff was unable to work for a twelve month period. Additionally, Mr. Kasper was not a physician and he conducted no followup after noting the prospective limitations placed on Plaintiff for the six to nine month period. The ALJ gave greater weight to the opinion of the medical expert, a licensed pysician who supported his conclusions with specific rationale and direct citation to the medical evidence.

///

The ALJ found that the Plaintiff had recent treatment for depression, with substance abuse playing a significant role in her mental status. Medical records and reports from Southern Nevada Mental Adult Health Clinic ("SNMAHC") showed that the Plaintiff had been diagnosed with a mood disorder, not otherwise specified, with a history of being a victim of domestic violence and ongoing alcohol abuse. No evidence or opinion in the clinical records supported a finding that the Plaintiff was unable to work at all exertional levels because of her depression. The ALJ noted that the Plaintiff failed to attend the scheduled psychological clinical examination and found that there were no credible mental limitations shown in the clinical record.

At step four, the ALJ relied on the vocational expert's testimony and found that the Plaintiff had the residual functional capacity, age, educational and vocational profile to return to her past relevant work as a small products assembler. He also found that the Plaintiff was able to perform the work as actually and generally performed, comparing the Plaintiff's residual functional capacity with the physical and mental demands of the work. He therefore found that Plaintiff was not under a disability as defined in the Act since January 15, 2009, the date of the application, and Plaintiff was therefore not entitled to supplemental security income benefits.

### IV.   The Parties' Positions.

#### A.   Plaintiff's Motion for Reversal and/or Remand.

The Plaintiff argues that the ALJ committed reversible error by concluding she could return to her past relevant work as a small products assembler. Plaintiff contends that the ALJ's determination she could return to her past relevant work is not supported by substantial evidence, contrary to the findings contained in the decision, and violates the Commissioner's own regulations and rulings. Plaintiff claims she does not have past relevant work as a small products assembler, and even assuming that she did, she could not perform the work as a small products assembler in light of the assessed residual functional capacity.

Plaintiff maintains that she does not have past relevant work as a small products assembler as defined by the regulations and the Commissioner's ruling because there is no evidence in the record she performed this occupation at the level of substantial gainful activity. The Plaintiff did not earn a monetary amount sufficient to be considered substantial gainful activity. Plaintiff acknowledges she

worked as a small products assembler from March 2005, through January 2007.  However, her earnings records from the Social Security Administration demonstrates that she only earned $3,098.06 in 2005, $9,879.56 in 2006, and $707.64 in 2007.  She averaged $309.81 per month in earnings in 2005, $823.30 for 2006, and $707.64 for the one month she worked in 2007.  These amounts are under what the regulations consider substantial gainful activity.  Thus, the ALJ erred in considering this work substantial gainful activity.

Alternatively, Plaintiff argues she lacked the residual functional capacity to work as a small products assembler.  The Plaintiff acknowledges she has the burden of proof at step four to show that she lacks the residual functional capacity to perform the physical and mental demands of the past relevant work.  However, the ALJ is still required to make the requisite factual findings to support his conclusion.  At step four, the ALJ is required to make specific findings concerning Plaintiff's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work.  In this case, the ALJ's RFC assessment and vocational evidence did not support his findings.

The ALJ found that the Plaintiff had workplace limitations that she could not stand or walk for more than two hours in an eight-hour day.  Plaintiff claims that the DOT description of a small products assembler, and testimony of the vocational expert establishes that the occupation requires a light level of exertion.  Light exertion is defined as standing and walking for a total of approximately six hours of an eight-hour day under SSR 83-10.  However, as the ALJ noted, the Plaintiff is limited to no more than two hours of standing or walking.  Therefore, she cannot perform the job as generally performed. Additionally, she cannot perform the job as she actually performed it.  Her prior job required her to stand four hours a day, walk two hours a day, and sit four hours a day.  Plaintiff testified that her impairments required her to stand about half the workday and sit about half the workday.  As such, her limitations preclude her from performing her past relevant work as she actually performed it.

The fact that the employer may have accommodated less standing or walking is not relevant to the Commissioner's disability analysis.  This is because the Supreme Court has recognized the difference between the standard for disability under the Social Security Act and whether an individual has a disability which an employer is obligated to accommodate under the Americans with Disability

Act. The Social Security Administration considers whether an individual is disabled for benefits purposes without taking into account the possibility of reasonable accommodation which may turn on highly disputed workplace-specific matters. The Social Security Administration only considers a disability claim based on a claimant's ability to perform the functional demands of occupations and jobs as ordinarily required by employers throughout the national economy, and not the subset of employers willing to accommodate an individual's disability.

Plaintiff turned fifty-five years old on June 27, 2004, and was sixty-one years old at the time of the ALJ's decision. Therefore, she was a person of advanced age under the Social Security Regulations. As an individual with a high school education, who has none or cannot perform her past work, who is limited to light work, and is over the age of fifty-five, she is disabled under the Social Security Regulations, specifically 20 C.F.R. Part 404, Subpart P, Appendix 2, Medical-Vocational Rule Section §§ 202.04 and/or 202.06. Under these circumstances, Plaintiff argues a finding of disability is required. The court should therefore reverse and remand for the payments of benefits.

**B.     Defendant's Cross Motion to Affirm and Opposition**.

The Commissioner argues that the ALJ's finding that Plaintiff had past relevant work as a small products assembler was supported by substantial evidence. The regulations define past relevant work as work: (1) a claimant has done within the past fifteen years; (2) constituting substantial gainful activity; and (3) lasting long enough for the claimant to learn to do it. Plaintiff does not dispute that her past work as a small products assembler meets the first and third criteria. The Plaintiff worked as a small products assembler within fifteen years of the hearing. Plaintiff admitted she worked as a small products assembler from 2005 through 2007. There is also no dispute that Plaintiff's job lasted long enough for her to learn to do it and the DOT description of the position indicates that the learning period is anything beyond a short demonstration up to one month.

The Commissioner argues that Plaintiff is incorrect that she did not meet the second criteria of engaging in substantial gainful activity. Plaintiff's argument assumes that she earned the same amount in every month during 2006, which is contradicted by her earlier statement that she worked for eight hours a day, five days a week, at $8.50 per hour. Plaintiff bases her arguments on the annual income reported to the IRS. However, the Social Security regulations provide that a claimant is the primary

source of vocational evidence, and based on Plaintiff's own statement, if she had actually worked fifty-two weeks that year, she would have earned $17,680.00 annually or $1,473.00 per month. This is significantly more than the minimum $860.00 per month required for the year 2006 to establish that her work constituted substantial gainful activity. Additionally, the Commissioner argues that because the DOT description of the job indicates the learning period is anything beyond a short demonstration up to a month, employment for a single month anytime during the year 2005 through 2007 constitutes past relevant work. Plaintiff has the burden of proof at step four, and cannot meet this burden by relying on an unfounded assumption concerning her earnings which are contradicted in her earlier written statement.

The Commissioner also argues that the ALJ's finding that the Plaintiff could perform her past relevant work as a small products assembler as she actually performed it is supported by substantial evidence. At the hearing, the ALJ posed a hypothetical to the vocational expert based on his unchallenged RFC finding. The vocational expert testified that a person in the hypothetical described could perform Plaintiff's past relevant work as a small products assembler as actually performed. The ALJ properly relied on the vocational expert's testimony, and substantial evidence supports his decision. Plaintiff testified that in her past work as a small products assembler, she could sit and stand at will because her employer told her that when she got tired, she could sit down and stand up at will. Thus, as actually performed, Plaintiff was not limited to two hours of standing and walking during an eight hour work day. Plaintiff testified that she could sit the entire time if she chose to do so. The record does not support a finding that Plaintiff's sit/stand option was a reasonable accommodation under the Americans with Disability Act. The Commissioner argues that her testimony shows otherwise, because she testified her supervisors told her that she could sit when she got tired. Because the Plaintiff has the RFC to her past relevant work, she is not disabled, and the Social Security Administration is not required to consider the vocational factors of her age, education, and work experience, or whether the past relevant work exists in significant numbers in the national economy. The ALJ's finding that Plaintiff had the RFC to perform her past relevant work as a small products assembler as she actually performed it is supported by substantial evidence, and the court should affirm the ALJ's decision.

If the court disagrees that the ALJ's decision should be affirmed, the Commissioner argues that the appropriate remedy is to remand the case to the agency to correct any legal error, rather than for an award of benefits.

**V.     Analysis and Findings**

Reviewing the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion, the court finds the ALJ's decision is supported by substantial evidence, and the ALJ did not commit legal error. There is no question that Plaintiff suffered severe injuries related to her July 2008 fall. However, the record does not support Plaintiff's testimony concerning the extent of her disabling symptoms. None of Plaintiff's treating physicians or healthcare providers opine that Plaintiff was or could be expected to be disabled for a continuous period of twelve months.

There is only one unexplained reference by RN Kasper dated September 30, 2008, that the Plaintiff was not ready to work and may have limitations on work activities for six to nine months. AR 316. The records support the ALJ's finding that by November 2008, the Plaintiff was referred to UMC Physical Medicine and Rehabilitation Department for physical therapy and vocational rehab. She was terminated from the program April 30, 2009, for erratic attendance, and because her prescription had expired. AR 359. The records indicate that she was seen for seven physical therapy visits out of thirteen scheduled, with three cancellations and three no shows. AR 360.

Cari Flores conducted a physical RFC assessment February 9, 2009. AR 336-343. The assessment concluded that Plaintiff was capable of occasionally lifting twenty pounds, frequently lifting ten pounds, able to stand or walk with normal breaks about six hours in an eight-hour workday, sit about six hours in an eight-hour workday, and able to push or pull. AR 337. The assessment also concluded Plaintiff was capable of frequently climbing ramps or stairs, but never capable of climbing ladders, ropes and scaffolds. Plaintiff was capable of frequently balancing, stooping, kneeling, and occasionally able to crouch and crawl. AR 338. No manipulative visual or communicative limitations were established. AR 339-40. There were no environmental limitations with the exception of exposure to hazards such as machinery and heights. AR 340. There were no medical source statements in the file regarding the claimant's physical capacities. AR 342. The examiner concluded that the evidence

established that the Plaintiff had a severe impairment, but appeared to be improving with treatment and did not meet or equal a listing impairment.  The examiner also concluded that the Plaintiff currently had limitation, but that no continuous twelve-month period of disability had been established.  AR 343.

The record supports the ALJ's finding that Plaintiff failed to appear for a scheduled consultative examination with Dr. William Carlson on August 27, 2009.  AR 348.

The ALJ relied on the testimony of medical expert Joseph Jensen, and vocational expert Lawrence Hughes.  He also considered the Plaintiff's testimony about how she actually performed her job as a small products assembler and reasonably concluded that she could perform her past relevant work as actually performed.  Plaintiff testified that her work as a small products assembler involved working in a CD and DVD manufactory [sic].  AR 70.  It required her to sit and stand throughout the day.  *Id.,* AR 71.  She sat about half a day and stood about half a day.  *Id*.  She was able to rotate and sit and stand as she got tired.  *Id*.  Although Plaintiff's motion to remand claims she did not report sufficient earnings for this employment to constitute substantial gainful activity,  her own written statement to the Social Security Administration reported she worked in this position from March 2, 2005, through January 2007, eight hours a day, five days a week at $8.50 per hour.  AR 211.

Where the record may support more than one rational interpretation of the evidence, the court must defer to the Commissioner's interpretation.  There is substantial evidence in the record to support the ALJ's finding that the Plaintiff's symptoms were not as disabling as she claimed, and that Plaintiff had not met her burden of establishing that her limitations preclude her from performing her past relevant work as a small products assembler as she actually performed the job.

**VI.     Conclusion**

Judicial review of a decision to deny disability benefits is limited to determining whether the decision is based on substantial evidence reviewing the administrative record as a whole.  If the record will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the court may not substitute its judgment for the ALJ's.  *Flaten*, 44 F.3d at 1457.  It is the ALJ's responsibility to make findings of fact, drawing reasonable inferences from the record as a whole, and to resolve conflicts in the evidence and differences of opinion.  Having reviewed the Administrative

Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g).

For all of the foregoing reasons,

**IT IS RECOMMENDED**:

1. Plaintiff's Motion to Remand (Dkt. #27) be **DENIED**.
2. The Commissioner's Cross-Motion to Affirm (Dkt. #30) be **GRANTED**.

Dated this 3rd day of February, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE